The next case, excuse me, the next case on for argument is Fowler v. The City of New York. May it please the court, Marlon Curtin for the plaintiff, good morning. At the outset, Your Honor, I just want to say that my brief was filed in good faith. I relied on the cases cited of Askins, Ligon, and Sangorin in support of our request for discretionary in response to, excuse me, Your Honor, my brief was filed in good faith. The request was to get an extension to file and serve the individual defendants after the 120 days had elapsed. After I filed my brief, I realized two things. I looked at the discovery, I looked at my notes, I saw that there were two problems. Number one, the individual defendant was not actually served. I made a mistake by inserting language in my brief about another case, therefore, the individual defendants in this case had no actual notice of the filings of this case within the 120-day period. So I would request that the courts not consider any language in my brief that suggests otherwise. The second issue is issue of the type of service. Under McGann and Harper, in their analysis of 4A and 4E, service, if not done completely, does not get the plaintiff to even consider a discretionary analysis under 4M. So the plaintiffs are deficient under 4A and 4E, which leaves us in a very, very difficult position. I submit to the Court that the only colorable, reasonable argument that could be made in this case is that unlike the plaintiffs in McGann and Harper, in this particular case, efforts were made to serve the individual defendants before either the Court or the city notified the plaintiff of any defect in service. About one year before the defendant filed or gave indication that they would file a motion to dismiss based on the fact that the individual defendants were not properly served, I made efforts to serve the individual defendants in this case by hiring a professional process server. And I submit to the Court that that makes, to a certain extent, the facts of this case different than the facts in McGann and Harper, where in those cases, as well as Zapata, either the Court or the city notified the plaintiff of the defects in the service. That did not happen here. In this particular case, efforts were made, good-faith efforts, to serve the individual defendants in this case. I submit to the Court that the only proper analysis on the 4A and 4C would be, and I, of course, I haven't found any cases like this particular case, in that the plaintiff made efforts to serve the individual defendants without being notified by the Court or the defendant, would be a good-faith exception or some sort of totality of analysis, totality of circumstances analysis. I submit to the Court that using that type of analysis, using that type of logic, it may make — it may create a situation where the plaintiff can get out of the 4A and 4E McGann analysis and be — be allowed to argue the Ligon and Askin and Segorin 4M arguments. I submit to the Court — making is not one that was made in your brief. Is that right? No, Your Honor. The briefs that I argued, the briefs that I submitted, really focused on 4M. Didn't focus on 4A or 4E. Okay. So this is an alternative argument that you're making now. That's correct. Okay. Based on the — And just to — so that I understand what you're saying, the part about you're withdrawing the claim that any of the defendants had actual notice, that covers what I take it was a mistake in the brief where you talked about a Captain Kertaj. That's correct, Your Honor. Who's not a figure in this case at all. There are seven individual defendants in this case. He's not one of them. So I corrected while I'm making the correction now. And he was seven individual defendants who had actual notice of the filing in this case. Okay. Fair enough. And Mr. Kertaj was in another case brought by Mr. Fowler against corrections officers. And that's how this confusion happened in your brief. That's correct, Your Honor. Okay. When the issue of service came up in that particular case, obviously I started looking at different cases where the service issue may have come up. This issue obviously came up in this case. And efforts were made to serve the individual defendants by hiring a professional process server. The problem is on the 4A and 4E, McGann and Harper, because the summons was not given to the process server, the argument could be made that the service in this case was also defective. But I would argue, Your Honor, that there should be and could be a good faith exception read into 4A and 4E and McGann and Harper, as well as a totality of defendants beyond 120 days, but before any notice was given by the City of New York and or any court. Would you agree with me, Mr. Curtin, that your notice of appeal did not identify what is in substance the order that we're here discussing right now and that's been the only thing you've discussed? The order in this case was an order made by the district court judge. Right. On December 15th, or December of 2015, sorry. The parties, well, I filed a motion to ask for an extension of time on the 4M to serve the individual defendants. And there was a decision. That was denied. That was denied in the order made by the court. What was the date of that order? The date of that order was in 2000, I believe, 16. I could provide the court. I could provide the court that. The problem is the. I've got it. But would you agree that your notice of appeal does not appeal from or identify that order as one that you are contesting on appeal? Well, the only order that is a part of this brief is that particular order. It's not based on any other subsequent order made by the court. What led to final judgment was a judgment finally in favor of the city of New York on summary judgment and final judgment was entered then. And your notice of appeal identifies that as the order from which you are appealing. Well, that's possible, Your Honor. However, the order in which the plaintiff is appealing is the 4M decision. Right. Now, would you agree that your notice of appeal does not identify that order? It does not say we are appealing from that order. That's a possibility. It only says you are appealing from the final judgment. That's a possibility, Your Honor. All right. And would you agree that if you have not identified that order, given the way the argument is, to consider the arguments you are making about the appellate service, sorry, the service of process? Well, Your Honor, again, the entire thrust of the argument made by the plaintiff is about the 4M service. No, I totally understand what the thrust of the argument is. We — I have to go back, this Court has to go back to look at what the appellate rule requires you to identify in order for us to have jurisdiction to consider your argument. And I just want to make sure I am not missing something, that somewhere there is a notice that has identified the order that you are appealing from. The notice of appeal was filed in the manner that it was filed. To the extent that the Court is correct, I'll have to look into that. Well, would your — I mean, you filed — the 4M order dismissed certain — the case as to certain defendants. That's correct. As to individual defendants. And then it went forward thereafter as to other defendants. That's correct. And then eventually — so the 4M order was not immediately appealable because it wasn't a final order disposing of the entire case. That's correct. And you filed an appeal at the very end of the case from the judgment. And so I take it you are maintaining, rightly or wrongly, that appealing from the final judgment brings up all the underlying orders. That's correct. That would be our position. No further questions. I'll yield the balance of my time. Thank you. We'll hear from Ms. Paulson. Good morning, Your Honors. May it please the Court. We're in a different posture here than I anticipated, counsel, not having filed a reply brief and not having raised his 4A and 4E arguments. Those aren't issues that I looked into for our argument here today. As to the arguments that were briefed before this Court as to the denial of the request for a discretionary extension of time for service, the district court providently exercised its discretion in denying that request. Standing here today, the appellant has conceded that defendants had no actual notice. He conceded in his brief that there was no good cause for failure to serve. What's left here are the factors of whether or not the defendants concealed the defects, and there's simply no evidence in the record that that was the case. The plaintiff had all the information he needed for proper service. And, in fact, the docket notes that no summons was issued, and the civil court cover sheet that was given to him is stamped in large, bold letters, no summons issue. So certainly, Plaintiff's counsel was on notice from the Court, at the very least, that a summons had never issued in this case. In terms of prejudice, defendants, of course, would be prejudiced given the egregious delay. The allegations that gave rise to the filing of the complaints occurred almost ten years ago, in April 2010, and prejudice is assumed where the statute of limitations has run. Here, the plaintiff's very first efforts at service, when plaintiff ultimately retained a professional process service, was nine months after filing the complaint, five months after the 120-day period had run, and after the statute of limitations had run. The only factor that bore in the plaintiff's favor here before the district court was the fact that the statute of limitations had run, and the district court carefully considered that and said that even that didn't outweigh counsel's repeated and ongoing disregard of the procedural requirements of service. So I would ask that this Court affirm the judgment of the district court. Kennedy. Do you have any position on whether we have appellate jurisdiction in the case? I believe that you're — that it actually is correct that there is no jurisdiction that it would not bring up for review the underlying order where the notice of appeal specifically states the March judgment and doesn't include language that would include the underlying orders. Thank you. Thank you very much. Thank you, Ms. Paulson. Mr. Curtin, you've reserved one minute for rebuttal. Your Honor, in terms of prejudice, the defense counsel first notified the Court and the parties about one week before the end of fact discovery was completed in this case. There was no information or allegation that witnesses could not be found, information would be lost, or somehow the information could not be turned over to the plaintiff. I submit to the Court that there was no prejudice. There would not have been prejudice had the Court granted the extension in the 4M. You know, Mr. Curtin, when you say — you said this in your brief also, that this issue was raised by the defendants only a few days before the end of fact discovery. I was somewhat almost amused by that as a former district judge, because it seems to me this is a very common kind of situation where it's only five days before the end of discovery, but not a heck of a lot of discovery has actually happened. There were no depositions noticed of any of the defendants. Were there? There were scheduled, Your Honor. There were scheduled for those last five days? Scheduled. They were going to take place in those five days? There were arrangements being made between the parties to schedule depositions. Scheduled depositions, and then there would need to be an extension of the discovery period by the district judge at some conference or other that was no doubt also on the schedule to allow these untimely depositions to take place, right? I mean, this is not a case where lots of discovery had happened and we're very close to the end of the discovery period, and suddenly they bring this up. We're close to the end of the scheduled discovery period, but as far as I know from the record, and you can correct me if I'm wrong, none of these depositions had taken place. When you say, first you said they were scheduled to take place, then you sort of retrenched to there were negotiations underway with respect to scheduling them. The point I was trying to make is the defendant never raised this in their answer, never raised it at the early stages of discovery. All of paper and fact discovery except for the depositions were completed at the time the notice to file the motion was made by the defendant. Did counsel for the city below ever enter a notice of appearance on behalf of the individual defendants? No, not as far as I know. Okay. Thank you. Thank you. We'll reserve decision in this case.